UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LUISA LUPI AND EVA LUPI,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-CV-207-RP** |
| | § | |
| **TIMOTHY DIVEN, ET AL.,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Plaintiffs' Opposed Motion to Strike Affirmative Defenses in the Original Answer of Defendants City of Austin, Officer Jamie Von Seltmann, Officer Rocky Reeves, EMS Medic Timothy Hedrick and EMS Medic Steve White, filed January 20, 2021 (Dkt. 81); Defendants' Response, filed January 27, 2021 (Dkt. 82); and Plaintiffs' Reply, filed February 3, 2021 (Dkt. 83). On January 21, 2021, the District Court referred the motion and the associated response and reply briefs to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    General Background

On February 25, 2020, Plaintiffs Luisa Lupi and Eva Lupi filed this civil rights suit, pursuant to 42 U.S.C. § 1983, against the City of Austin (the "City"); APD Officers Diven, Von Seltmann, Guetzke, Villarreal, Rocky Reeves, Jerry Floyd, Ewa Wegner, Alan Schwettmann, Joshua Visi, Michael King, and Brian Robinson; Code Enforcement Officers Thomas Horn and Joseph Lucas; EMS Medics Timothy Hedrick and Steve White (collectively, the "City Defendants"); and private citizens Elizabeth Glidden and McKenna Kuhr.[1] In their Amended Complaint, Plaintiffs allege

---

[1] Plaintiffs' Original Complaint also named Travis County as a defendant. The County was terminated on March 26, 2020, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Dkt. 25.

that the City Defendants' search of their property, seizure of their dogs and jewelry, and emergency detention of Luisa Lupi violated their Fourth and Fourteenth Amendment rights. Plaintiffs also contend that Glidden and Kuhr conspired with the City Defendants to violate their constitutional rights. Plaintiffs allege that the City had "unwritten, unconstitutional customs that police officers enjoyed unconstitutionally unfettered discretion" to ignore the requirements for emergency detention under Texas Health and Safety Code § 573.001 and to conduct warrantless searches and seizures. Dkt. 33 ¶ 208. Finally, Plaintiffs allege that the City discriminated against Luisa Lupi because of a perceived mental disability, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Plaintiffs seek declaratory and injunctive relief and $10 million in monetary damages.

On April 3, 2020, the District Court denied Plaintiffs' motion for preliminary injunction seeking an order to "immediately release Plaintiffs' dogs and stolen jewelry items." Dkt. 41 at 14. On October 27, 2020, the undersigned issued a Report and Recommendation that the Defendants' motions to dismiss should be denied in part and granted in part. Relevant here, the Court recommended that the District Court deny the City of Austin's motion to dismiss as to Plaintiffs' ADA claim and the Individual Defendants' motion to dismiss as to Plaintiffs' Fourth Amendment claim against Officers Von Seltmann, Reeves, Hedrick, and White. Dkt. 74. On December 16, 2020, the District Court adopted the Report and Recommendation in full. Dkt. 79.

On January 8, 2021, the City Defendants filed their Original Answer, asserting multiple affirmative defenses to Plaintiffs' First Amended Complaint. Dkt. 80. Plaintiffs ask the Court to strike the City Defendants' affirmative defenses.

## II.    Legal Standards

In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. FED. R. CIV. P. (8)(c)(1). "A defendant must plead with enough specificity or factual

particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014). "The 'fair notice' pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case. *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 342–43 (5th Cir.1988).

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). However, "[m]otions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767 (N.D. Tex. 2002) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Striking an affirmative defense is warranted only "if it cannot, as a matter of law, succeed under any circumstance." *U.S. v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

### III.     Analysis

Plaintiffs ask the Court to strike several of the City Defendants' affirmative defenses because their answer was untimely under Rule 12(a)(4)(A). In the alternative, Plaintiffs argue that the City Defendants' affirmative defenses should be stricken under Rule 12(f) because they are legally insufficient.

#### A.  Late Answer

The District Court ruled on the City Defendants' Motion to Dismiss on December 16, 2020. Dkt. 79. The City Defendants' Answer was due December 30, 2020 under Rule 12(a)(4)(A), which provides that "if the court denies the motion or postpones its deposition until trial, the responsive pleading must be served within 14 days after the notice of the court's action." The City Defendants did not file their Answer until January 8, 2021, eight days past the deadline. Accordingly, the City

Defendants were required to seek leave to file their late Answer, but did not. The Court could strike the City Defendants' affirmative defenses on this basis. However, because leave to file the late Answer would be granted if requested, in the interests of judicial efficiency, the Court declines to strike the affirmative defenses under Rule 12(a)(4)(A).

### B. Sufficiency of the Affirmative Defenses

Plaintiffs argue that the City Defendants' affirmative defenses of governmental immunity, statute of limitations, contributary negligence, and that they cannot be liable for punitive damages all are legally insufficient and should be stricken under Rule 12(f).

#### 1. Punitive/Exemplary Damages

The City of Austin "denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983 since it is a political subdivision." Dkt. 80 at 10. Plaintiffs move to strike this affirmative defense because they are not seeking punitive/exemplary damages against the City. The City agrees that this affirmative defense should be stricken. Dkt. 82 at 1. Accordingly, Plaintiffs' Motion is **GRANTED** as to this affirmative defense.

#### 2. Governmental Immunity

Plaintiffs allege that the City of Austin discriminated against Luisa Lupi because of a perceived mental disability, in violation of Title II. In response, the City asserts the affirmative defense of governmental immunity. Dkt. 80 at 9. Plaintiffs argue that this defense should be stricken because Title II of the ADA applies to municipalities like the City.

While sovereign immunity protects the state and its divisions from suit and liability, governmental immunity extends to political subdivisions such as counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003). Immunity from suit bars a suit against a municipality unless the legislature expressly gives consent. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). Title II of the ADA

prohibits state and local governments from discriminating on the basis of disability. *Hacker v. Cain*, 759 F. App'x 212, 215 (5th Cir. 2018). A plaintiff has a private right of action to enforce Title II against local governments. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). In addition, a local government may be held vicariously liable for the acts of its employees under Title II. *Delano-Pyle v. Victoria Cnty., Tex.,* 302 F.3d 567, 574 (5th Cir. 2002).

There is no dispute that the City is a local governmental unit subject to the requirements of Title II of the ADA. *See Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020) (stating that Title II "defines 'public entities' to include local governments") (quoting 42 U.S.C. § 12131(1)(A)). Therefore, the City is not entitled to assert the defense of governmental immunity to Plaintiffs' ADA claim. The City acknowledges this in its Response, but argues nonetheless that its affirmative defense of governmental immunity should not be stricken because "it is less settled that a City may be held liable for the vicarious actions of its employees under the ADA." Dkt. 82 at 3. Whether the City can be sued under the ADA is a different matter than whether Plaintiffs can establish liability under the ADA. The Court is not ruling on whether the City is vicariously liable for the actions of its employees; rather, it is simply striking the affirmative defense of governmental immunity, which is not applicable to Plaintiffs' Title II claim. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Strike the affirmative defense of governmental immunity as to the City.

### 3.   Contributory Negligence, Intentional Misconduct, and Failure to Mitigate

The City Defendants further assert the affirmative defenses that Plaintiffs' claims are barred by Plaintiffs' intentional conduct and/or contributory negligence, and that Plaintiffs failed to mitigate their damages. Plaintiffs argue that these affirmative defenses should be stricken because the City Defendants have failed to provide any factual particularity or legal bases to support them.

Plaintiffs have not demonstrated that these affirmative defenses "cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479. The City Defendants have pled with enough specificity or factual particularity to give Plaintiffs "fair notice" of these affirmative defenses. *Tauch*, 751 F.3d at 398. In addition, "the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Augustus*, 306 F.2d at 868. Accordingly, Plaintiffs' Motion to Strike is **DENIED** as to these affirmative defenses.

### 4. Statute of Limitations

Finally, the City Defendants assert the affirmative defense of statute of limitations "as to all claims outside the applicable limitations period(s), both statutory and administrative, if any." Dkt. 80 at 10. Plaintiffs argue that this affirmative defense should be stricken because the City Defendants have failed to provide any factual basis or legal argument in support. In response, the City Defendants state that they "do not oppose the striking of their affirmative defense of statute of limitations, based on Plaintiffs' assertion that all conduct their claims are based on occurred on or after March 30, 2018." Dkt. 82 at 1. In reply, Plaintiffs argue that the City Defendants have misinterpreted Plaintiffs' Motion to Strike, stating that "Plaintiffs did not, and do not, assert that all their claims . . . are based on the events that occurred on or after March 30, 2018 only." Dkt. 83 at 2.

Thus, there appears to be no agreement as to the statute of limitations defense. The Court finds that it would be premature to strike this affirmative defense because Plaintiffs have failed to show that the statute of limitations defense cannot succeed "under any circumstance."

### IV.    Summary

The Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Opposed Motion to Strike Affirmative Defenses in the Original Answer of Defendants City of Austin, Officer Jamie Von Seltmann, Officer Rocky Reeves, EMS Medic Timothy Hedrick and EMS Medic Steve White (Dkt. 81). The Court **GRANTS** the Motion to Strike the City Defendants' affirmative defenses of governmental immunity and that the City Defendants cannot be liable for punitive/exemplary damages, but **DENIES** the Motion to Strike as to all other affirmative defenses asserted in the City Defendants' Answer. Accordingly, the Court **STRIKES** the City Defendants' affirmative defenses of governmental immunity and that the City Defendants cannot be liable for punitive/exemplary damages asserted in their Answer (Dkt. 80 at 9-10 ¶¶ 1-3).

It is **FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on February 10, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE